Kelsey Luu (SBN 315593)
KLuu@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant,
Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ELIZBETH RODRIGUEZ ROMERO aka ELIZABETH R ROMERO,<br><br><br><br><br><br>Debtor. | Case No. 14-52180-HLB<br><br>Chapter 13<br><br>R.S. No. KXL-019<br><br>**STIPULATION GRANTING ADEQUATE PROTECTION**<br><br>**Hearing**:<br>Date: April 04 , 2018<br>Time: 11:30 AM<br>Place: 214<br>United States Bankruptcy Court<br>Northern District of California - San Jose Division |

    This Stipulation is entered into by and between the Secured Creditor, Wells Fargo Bank, N.A. (hereinafter "Movant"), and Elizbeth Rodriguez Romero (hereinafter "Debtor") by and through their respective attorneys of record.

    The property which is the subject of this matter is commonly known as 781 Rebecca Cir, Aromas, California 95004, which is more fully described as follows:

    SEE LEGAL DESCRIPTION IN DEED OF TRUST ATTACHED

- 1 -     CASE NO. 14-52180-HLB
**STIPULATION FOR GRANTING ADEQUATE PROTECTION**

AS EXHIBIT B TO MOTION FOR RELIEF FROM STAY, DOCKET ENTRY NUMBER 62.

THE PARTIES STIPULATE AS FOLLOWS:

1) Debtor shall tender regular monthly payments in the amount of $1,766.55, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing April 01, 2018, and continuing until all such outstanding amounts under the Note are to be paid in full.

2) The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 11/01/2017-03/01/2018 | 5 payments @ $2,122.19 | $10,610.95 |
| NSF: | | $25.00 |
| LESS: Debtor Suspense | | (-643.59) |
| Total Arrears | | $9,992.36 |

3) In addition to regular monthly payments, Debtor shall also tender payments in the sum of $832.69 commencing March 15, 2018, and continuing through and including January 15, 2019 and a payment in the sum of $832.77 due by February 15, 2019, when all post-petition arrears due and owing under the Note, in the current sum of $9,992.36, are paid in full. Payments are to be remitted to: Wells Fargo Home Mortgage Bankruptcy Payment Processing P.O.Box14507 Des Moines, IA 50306

4) If Debtor provides proof of additional post-petition payments received and negotiated by Movant, the requirement to make an additional payment pursuant to paragraph three (3) herein shall be revised accordingly.

5) Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance on a timely basis.

6) Debtor shall comply with the terms and conditions of her Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

7) In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtor at Elizabeth Rodriguez Romero at 781 Rebecca Cir, Aromas, California 95004, and to Debtor's attorney of record, Jason Vogelpohl, at Central Coast Bankruptcy 532 Pajaro St. Salinas, CA 93901

jason@centralcoastbankruptcy.com, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

8) Movant shall comply with the above provisions as to the first two (2) defaults. Upon the Third (3rd) default, Movant may file an Ex Parte Declaration of Default and an Order Terminating the Automatic Stay with the court. Upon entry of said order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed with foreclosing its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state laws and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this court.

9) The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

10) In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

11) The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor.

12) In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic

Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtor.

13) Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Devin Derham-Burk.

14) Any notice that Movant shall give to Debtor, or attorney for Debtor, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

IT IS SO STIPULATED:

DATED: 03/15/2018                ALDRIDGE PITE, LLP

/s/
KELSEY LUU
Attorneys for WELLS FARGO BANK, N.A.

DATED: 3.14.18

Jason Vogelpohl
Attorneys for Debtor

- 4 -    CASE NO. 14-52180-HLB
STIPULATION FOR GRANTING ADEQUATE PROTECTION

Case: 14-52180    Doc# 67    Filed: 03/16/18    Entered: 03/16/18 09:02:21    Page 4 of 4